IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-00049-PSF-BNB

TAMARA B. FIELDS,

Plaintiff,

v.

7-ELEVEN INC., f/k/a Southland Corp.,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me pursuant to my Order to Show Cause dated May 21, 2007. For the following reasons, I respectfully RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE.

The plaintiff commenced this action on January 9, 2007, by filing a Title VII Complaint [Doc. #1]. By an Order dated April 13, 2007, this matter was set for a supplemental scheduling conference on April 30, 2007 [Doc. # 13]. The Order also required the parties to "confer and submit a joint proposed scheduling order. . . ." Id. at p.1. The conference was later reset by Minute Order to May 21, 2007, at 9:00 a.m. [Doc. # 14].

Defendant's counsel appeared at the supplemental scheduling conference on May 21, 2007, but the plaintiff, who is proceeding *pro se*, neither appeared nor contacted the court. In addition, the plaintiff failed to confer with defense counsel concerning the proposed scheduling order and failed to participate in its preparation.

Consequently, I ordered the plaintiff to show cause why this case should not be dismissed pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with the order of the court setting the supplemental scheduling conference and requiring the joint preparation of a proposed scheduling order.[1] On June 4, 2007, the plaintiff responded to the order to show cause as follows:

> Plaintiff has sought counsel to assist with understanding and compliance of procedure for the case. Plaintiff has a firm that is looking to proceed. The firm has not come to a decision yet, therefore cannot be the attorneys of record. Plaintiff is asking the court to accept this response as show of just cause and to provide additional time for counsel to assist.

*Response to Order to Show Just Cause* [Doc. #20] (the "Response").

The plaintiff's *pro se* status does not excuse her from complying with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Therefore, the plaintiff has failed to show good cause why this action should not be dismissed. In addition, I note that the plaintiff has not obtained counsel in the nearly three months that have elapsed since she responded to the show cause order.

I respectfully RECOMMEND that this case be DISMISSED WITHOUT PREJUDICE for pursuant to D.C.COLO.LCivR 41.1 for lack of prosecution and failure to comply with the order

---

[1]Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

of the court setting the supplemental scheduling conference and requiring the joint preparation of a proposed scheduling order.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge