IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00049-PSF-BNB

TAMARA B. FIELDS,

    Plaintiff,

v.

7-ELEVEN INC., f/k/a as Southland Corp.,

    Defendant.

---

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE DATED AUGUST 27, 2007 AND ON DEFENDANT'S MOTION TO DISMISS**

---

This matter comes before the Court on the Recommendation of the Magistrate Judge entered August 27, 2007 (Dkt. # 24) in which he recommends dismissing plaintiff's *pro se* employment discrimination case without prejudice for failure to fully and timely prosecute the case, and on Defendant's Motion to Dismiss filed September 7, 2007 (Dkt. # 25) which seeks dismissal with prejudice.

**I.    BACKGROUND**

The basis of the Magistrate Judge's Recommendation is plaintiff's failure to participate in the preparation of a scheduling order and her failure to appear at a scheduling conference set for May 21, 2007, as well as her failure to obtain counsel after representing in response to an order to show filed June 4, 2007 that she need additional time to find counsel. As of August 27, 2007 no counsel had appeared for plaintiff and the Recommendation of the Magistrate Judge was entered.

On September 7, 2007, plaintiff filed a pleading captioned "Proposed Scheduling Order" (Dkt. # 31), but which in reality is an objection to the Recommendation to dismiss plaintiff's case without prejudice, and a request for more time to obtain counsel or to have the Court appoint counsel. Plaintiff's filing indicates that she is continuing to seek counsel, and requests the Court to assist her in obtaining counsel.

As the Magistrate Judge correctly states, plaintiff's *pro se* status does not excuse her from complying with the requirements of the Federal Rules of Civil Procedure if she wishes to pursue this case. Moreover, the Magistrate Judge's Order of April 13, 2007, requiring the parties to confer and submit a scheduling order did not place an onerous burden on plaintiff, even if she is representing herself. The Court understands that plaintiff may have been reluctant to proceed without counsel, but she has had ample time to obtain counsel and has failed to do so. The Court need not appoint counsel for plaintiff in a civil case such as this, and declines her request to do so.

However, the court records show that despite plaintiff's non-appearance on May 21, 2007, a scheduling order was entered by the Magistrate Judge on that date (Dkt. # 16). Thus, plaintiff's failure to appear at the scheduling conference did not cause a delay in the scheduling of the case.

However, the Court also notes that on September 7, 2007, after the Recommendation of the Magistrate Judge was filed, defendant filed its motion to dismiss for lack of prosecution, arising from plaintiff's failure to serve Rule 26 disclosures, her failure to respond to written discovery, and her failure to appear at a scheduled

deposition (Dkt. # 25).  By Order entered September 12, 2007, this Court directed plaintiff to respond to defendant's Motion to Dismiss by September 28, 2007 (Dkt. # 32).  Plaintiff failed to file a timely response.  For the reasons set forth below, the defendant's motion to dismiss is granted and the Recommendation of the Magistrate Judge is accepted to the extent that this case is dismissed.  However, the dismissal is with prejudice.

**II.     DISCUSSION**

On June 10, 2007, defendant served upon plaintiff a notice of deposition calling for her deposition on August 13, 2007 together with a request for production of documents to be produced on the same date.  Defendant also served plaintiff with a request for admissions to which responses were due 33 days after service.  Plaintiff filed no objection to any of these discovery requests.

Defendant's counsel appeared for the deposition on the scheduled date. Plaintiff did not appear.  After waiting one hour beyond the scheduled starting time, defendant's counsel noted plaintiff's absence on the record and stated that he had no telephone contact or correspondence from her regarding the deposition (*see* Exhibit C to Defend-ant's Motion).  In addition, no documents were produced by plaintiff (Defendant's Motion at 3).  Moreover, plaintiff has not served Rule 26 disclosures upon defendant.

The Court agrees with defendant that dismissal of this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.1 is an appropriate sanction.  As stated with approval by the Tenth Circuit in *Cosby v.*

*Meadors*, 351 F.3d 1324, 1333 (10th Cir. 2003),  "[b]efore choosing the sanction of dismissal, the district court considered and addressed the relevant factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir.1992): (1) the amount of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the litigant was warned in advance that dismissal was a likely sanction, and (5) whether a lesser sanction would be effective." These factors weigh in favor of dismissal with prejudice here.

The scheduling order of May 21, 2007 set a discovery cut-off date of August 14, 2007.  That date has passed and defendant has been unable to obtain any discovery from plaintiff, and thus has been severely prejudiced.  Plaintiff's failure to participate in the progress of this case has substantially interfered with the judicial process and caused a waste of resources.  Plaintiff's failure to participate appears to be entirely her own fault.  She was effectively warned that dismissal may result, both in a show cause order entered by the Magistrate Judge on May 21, 2007 in the Recommendation of the Magistrate Judge on August 27, 2007, and in this Court's Order of September 12, 2007, which advised her that not complying with the rules because of an absence of counsel is no excuse.  It appears to this Court that plaintiff's failure to participate in the process of this case was willful, as she has simply ignored Court orders and procedural requirements placed upon her.  A sanction short of dismissal is not likely to accomplish any effective remedy for her misconduct.  Accordingly, Defendant's Motion Dismiss is GRANTED and plaintiff's complaint is DISMISSED WITH PREJUDICE.

In addition, defendant's motion requests an award of attorneys' fees and expenses pursuant to F.R.Civ.P. 37(d) arising from plaintiff's failure to appear at her deposition. Defendant's attorney has submitted an affidavit stating that he expended three hours preparing for and appearing at plaintiff's deposition, that his usual hourly rate is $285 per hour, for a total fees expense of $855 in connection with the deposition. He states that he also incurred travel expense of $835.80 to travel from Virginia to Colorado to take the deposition. The Court finds these fees and expenses reasonable and awards defendant $1,690.80 in fees and expenses against plaintiff pursuant to Rule 37(d) as a sanction for her failure to participate in her deposition.

Defendant's motion also requests fees under F.R.Civ.P. 37(c)(1) incurred as a result of plaintiff's non-compliance with Rule 26(a). In support of this request, defendant's counsel states that he expended 2 hours of time preparing the motion to dismiss, for a total request of $570. The Court finds this expenditure of time was reasonable and the defendant should be awarded these fees as well against plaintiff pursuant to Rule 37(c)(1).

**CONCLUSION**

The Defendant's Motion to Dismiss (Dkt. #25) is GRANTED and plaintiff's complaint is DISMISSED WITH PREJUDICE. Defendant is awarded a total of $2,260.80 in attorneys' fees and expenses pursuant to F.R.Civ.P. 37(d) and 37(c)(1) as a result of plaintiff's failure to appear for her deposition and comply with Rule 26.

The Recommendation of the Magistrate Judge entered August 27, 2007 (Dkt. # 24) is accepted, but the dismissal of this case is WITH PREJUDICE.

All other pending motions are deemed moot as a result of this Order.

The Clerk of the Court is directed to enter judgment in accordance with this Order.

DATED: October 9, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge